RITTER *v.* YALOBUSHA COUNTY.

(In Banc. May 12, 1941.)

[1 So. (2d) 152. No. 34494.]

R. F. Kimmons, of Water Valley, for appellant.

Stone & Stone, of Coffeeville, and Creekmore & Creekmore, of Jackson, for appellee.

Smith, C. J., delivered the opinion of the court.

This is an action at law by the appellant on a loan warrant or promissory note, dated August 12, 1935,

executed by the president of the board of supervisors pursuant to an order of the board for $1,500 due February 1, 1936, with six percent interest thereon after maturity.

The consideration for this note was a conveyance to the county of a small tract of land adjoining the land on which the county courthouse is situated. The note was executed without being authorized by a majority of the electors of the county, either by petition or at an election for that purpose, and when issued there was no money in the county treasury for its payment when due. Consequently, the appellee says that the note is void under Sections 5978 and 5979 of the Code of 1930. Laying the question as to whether this note is an interest-bearing obligation within the meaning of Section 5978 on one side, and expressing no opinion thereon, it does violate, and consequently is void under, Section 5979 of the Code. The appellant says, however, that this defect in the note was cured by Chapter 16, Laws of the Second Extraordinary Session of 1936, by which certain enumerated outstanding indebtedness of counties, municipalities, and other taxing districts contracted in violation of governing statutes were validated. We will not pause to inquire whether this note is one of the debts intended to be validated by the first section of this statute, for it is excepted therefrom by the second section thereof which provides that the statute shall not apply to "warrants, certificates of indebtedness or other obligations issued in violation of chapter 326 of the laws of Mississippi, 1920, and amendments thereto." Section 5979 of the Code simply brought forward Chapter 326, Laws of 1920, with the amendments theretofore made thereto.

The county took possession of the land and removed a house therefrom, and the appellant says that she should be permitted to recover at least the value of this house. We will assume that a claim therefor is properly presented by the pleadings, but the appellant's right vel non to this compensation cannot be here determined and must remain for consideration in a proper proceeding

that may be instituted by her to cancel the deed to the land executed by her to the county.

Affirmed.